IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:17 CR 158 - 2 |
| Plaintiff, | ORDER OF DETENTION |
| -vs- | JUDGE JACK ZOUHARY |
| Cordell Jenkins, | |
| Defendant. | |

**INTRODUCTION**

Defendant Cordell Jenkins is charged in four counts of a seven-count Indictment, filed April 2017, alleging sex trafficking and sexual exploitation of children and production of child pornography (Doc. 10). Following his arrest, on April 7, Defendant was arraigned, and the Government moved for detention. At Defendant's request, an initial Detention Hearing was held on April 13 before Magistrate Judge James Knepp, during which Defendant consented to be held without bail but reserved the right to later revisit the issue of detention (Doc. 7). Pending now before this Court is Defendant's Motion for Bond (Docs. 18, 19).

Defendant proposes conditions for his release, the latest version as follows: (1) he will reside in his Old Orchard home, under the supervision of his parents, Chorrethers and Stephanie Jenkins, who will move here from Youngstown, Ohio for the duration of court proceedings; (2) he will submit

to electronic monitoring and/or home confinement; and (3) he will post a bond of roughly $94,000, secured by equity in his own home and his parents' home in Youngstown, Ohio.[1]

This Court held a Detention Hearing on July 5 under the Bail Reform Act, 18 U.S.C. § 3142(f). At the hearing, this Court received evidence and heard arguments of counsel. Defendant presented testimony from his parents and proposed custodians, Chorrethers and Stephanie Jenkins. The Government presented testimony from FBI Special Agent Alex Hunt. This Court also reviewed with counsel Pretrial Services Reports dated April 12, 2017 and June 26, 2017, which each recommend that Defendant be detained.

## DISCUSSION

Under the Bail Reform Act, the default legal position is that a defendant should be released pending trial. 18 U.S.C. § 3142(e). However, when a "judicial officer finds that there is probable cause to believe" that a defendant committed one of the offenses listed in 18 U.S.C. § 3142(e)(3), there is a presumption in favor of detention. *Id.*; *see United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). A defendant may rebut the presumption of detention by introducing evidence that there are "conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g). But even when a defendant satisfies this burden of production, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Stone*, 608 F.3d at 945 (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). This is because the presumption "is not simply an evidentiary tool designed for the courts," but rather "reflects

---

[1] Defendant's Motion for Bond (Doc. 18) also proposed a cash bond of $50,000 secured by five family members or friends. Based on conversations with pretrial services and defense counsel, this Court understands Defendant no longer proposes the additional cash bond.

Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Id.*

Despite Defendant's initial position in his Motion (*see* Doc. 18 at 5), the parties now agree the Government has established the presumption in favor of detaining Defendant under Section 3142(e)(3)(E). Counts 2, 4, 5, and 6 of the Indictment charge Defendant with sexual exploitation of children under 18 U.S.C. § 2251(a) & (e), sex trafficking of children under 18 U.S.C. § 1591(a)(1), (b)(2), & (c), and production of child pornography under 18 U.S.C. § 2252(a)(2) -- all enumerated offenses under 18 U.S.C. § 3142(e)(3)(E) and each of which carry the presumption. In light of all the evidence presented, considering the characteristics of Defendant and the offense charged, and evaluating all available terms and conditions of release, this Court finds by a preponderance of the evidence that no available terms or conditions of release would reasonably assure Defendant's further appearance. This Court also finds by clear and convincing evidence that no available terms or conditions of release would adequately protect the safety of others. In making these findings, this Court has considered the criteria set forth in 18 U.S.C. § 3142(g).

**Nature and Circumstances of the Offense Charged.** Defendant is charged with sexual exploitation and sex trafficking of two minor children, and production of child pornography. Special Agent Hunt testified that the allegations underlying the Indictment include soliciting sexually explicit photographs and videos (Doc. 20-1) and engaging in commercial sex acts with two minors, one of whom attended Abundant Life Ministries where Defendant served as pastor. This sexual conduct allegedly took place in Defendant's home, in the church office, and at the Red Roof Inn. Special Agent Hunt also testified that Defendant may have used church funds to pay for these commercial sex acts. A violation of Section 1591 and crimes involving minor victims are both enumerated offenses

3

identified by statute for this Court to consider in assessing Defendant's release. *See* 18 U.S.C. § 3142(g)(1).

**Weight of the Evidence Against Defendant.** The Indictment is sufficient to establish probable cause that Defendant committed the offenses with which he is charged. *See United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). In addition, the evidence presented by Special Agent Hunt further supports the serious charges.

**History and Characteristics of Defendant.** In considering Defendant's history and characteristics, this Court is directed to several factors in 18 U.S.C. § 3142(g)(3)(A). Defendant is forty-six years old, has been married for seven years, and has no children. He is a United States citizen and has lived in Toledo for ten years. He has family throughout Ohio and in Buffalo, New York.

Defendant has a high school diploma and attended college in North Carolina for two years, but did not earn a degree. He has worked as a minister since 1994, most recently as pastor of Abundant Life Ministries in Toledo. Defendant has a prior conviction for misdemeanor larceny in 1994. Defendant has a history of marijuana use as recently as this year. He also has a history of suicidal thoughts, both several years ago and more recently, in connection with these charges.

At the time of the April 2017 Pretrial Services Report, Defendant named his wife, Laura Lloyd-Jenkins, as a proposed custodian. Ms. Lloyd-Jenkins was the Lucas County Administrator and served on the Board of Lucas County Children's Services. Special Agent Hunt testified that Ms. Lloyd-Jenkins became aware of the nature of the allegations against Defendant at least one week before his arrest. The Internet history recovered from her cell phone during that week reveals searches related to both the criminal charges in this case (e.g., "husband slept with 17 year old," "what

is sex trafficking") and international travel (e.g., "southwest companion pass international travel," "belize marriott," "Find Caribbean Hotels by Marriott") (Doc. 20-3). Defendant no longer proposes Ms. Lloyd-Jenkins as a custodian, and defense counsel advised this Court during the detention hearing that she will not be present in the home if Defendant is released.

Defendant next proposed Joseph and Mary Quinn as custodians (Doc. 18 at 9). However, Defendant later advised this Court that the Quinns would be unable to serve as custodians because their son is being released from prison and will be living with them (Doc. 19 at 2).

Defendant now proposes his parents, Chorrethers and Stephanie Jenkins, as alternative custodians (Doc. 19 at 2). Both parents testified that they were willing to serve as "jailers" for their son. Mr. Jenkins was evasive when questioned about how and when he became aware of the allegations against Defendant. He testified that despite speaking with his daughter-in-law by phone -- on several occasions, for roughly an hour total -- leading up to the arrest, despite describing her as "hysterical" and Defendant as "distraught," and despite advising them to get an attorney, he never asked about the nature of the charges against his son. While this Court appreciates the willingness of Defendant's parents to undertake the obligation of serving as custodians and the disruption it would cause to their personal lives, this Court has grave concerns that either could, or would, take the necessary steps to control Defendant's activities and guarantee his good behavior.

**Nature and Seriousness of the Danger to the Community.** Defendant is charged with sexual exploitation and sex trafficking of children and production of child pornography. This Court finds Defendant has failed to present sufficient "special features of his case" to remove it from "the congressional paradigm" in favor of detention. *See Stone*, 608 F.3d at 946 (quoting *United States v. Jessup*, 757 F.2d 378, 387 (1st Cir. 1985)).

**CONCLUSION**

Defendant's Motion for Bond (Doc. 19) is denied. Defendant is committed to the custody of the United States Attorney General, or a designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Further, this Court directs that Defendant be afforded reasonable opportunity for private consultation with his counsel while in custody. On order of this Court or the request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for appearances in connection with court proceedings.

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 10, 2017